**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-22111-GAYLES**

ELI SAMUEL BLYE,

      Petitioner,

v.

GARRETT RIPPA, *et al.*,

      Respondents.

_____/

## ORDER DISMISSING PETITION AS MOOT

**THIS CAUSE** comes before the Court on Respondents' Response to the Court's Second Order to Show Cause [ECF No. 7] (the "Response"). In its second show cause order, the Court explained that it appeared Petitioner Eli Samuel Blye's immigration "appeal was dismissed on June 2, 2026" and directed Respondents to "file a status update detailing the timeline for Petitioner's removal and their justification for continuing to detain Petitioner while effectuating his removal." [ECF No. 6 at 1–2]. In the Response, Respondents inform the Court that: (1) "Petitioner's BIA appeal was indeed dismissed on June 2, thereby removing the last impediment to the execution of Petitioner's reinstated final order of removal"; (2) Petitioner was at some point transferred out of this District "to a staging facility"; and (3) "Petitioner was removed from the United States on June 25, 2026."[1] *See* [ECF No. 7 at 3].

_____

[1] The Court notes that, in transferring Petitioner to a staging facility outside of this District and removing him from the United States, Respondents blatantly disobeyed the Court's order enjoining them from removing him "from the United States or the Southern District of Florida until further order of the Court." [ECF No. 4 at 2]. The Court issued that order to prevent precisely this consequence: the loss of jurisdiction over this case before the Court could adjudicate its merits. *See id.*; 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) (granting "temporary injunctive relief" against removal to preserve the court's jurisdiction while adjudicating the merits of the case). As another judge in this District recently noted, "it appears as if" U.S. Customs and Immigration Enforcement (ICE) "failed to timely communicate to the U.S. Attorney's Office that it was planning to violate court orders, but also that the U.S. Attorney's Office has subsequently failed to timely notify said courts that ICE had violated their orders." *See* [ECF No. 8-1 at 1–

Respondents also argue in the Response that Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition") is now moot. *See id.* at 4–5. Specifically, Respondents contend: "In light of Petitioner's release from detention and removal from the United States, there remains no injury for the Court to redress and no meaningful relief the Court could provide. Where, as here, there is nothing for the Court to remedy, a case is moot." *Id.* at 5. The Court agrees.

"Because mootness is jurisdictional," courts "are required to resolve any question implicating the doctrine before" they "assume jurisdiction over" a case. *See Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "A cause of action becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotation marks omitted). "In considering mootness," courts "look at the events at the present time, not at the time the" case "was filed." *See id.* "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019). "So where a habeas petitioner has been released from detention — when, for example, he is removed from the country — and he has not raised a challenge to a collateral consequence," the Eleventh Circuit has held that the habeas petitioner's case became moot. *See Djadju*, 32 F.4th at 1107 (quotation marks omitted).

In *Djadju*, the Eleventh Circuit instructed that the "fundamental question" in assessing mootness "is whether events have occurred that deprive" the court "of the ability to give" the party "meaningful relief." *See id.* As part of the same decision, the Court answered that question in

---

2]. That judge ordered representatives from ICE and the U.S. Attorney's Office to appear at a show cause hearing to explain "why they should not be sanctioned for repeated violations of Court orders and for still failing to notify judges . . . about their violations of those judges' orders." *See id.* at 2. Although this Court will not take that action here, it cautions Respondents that any further disobedience of the Court's jurisdiction-preserving orders — in any case before this Court — will not be met with the same leniency.

circumstances similar to those involved in this case: where a habeas petitioner "asked the federal courts for only one form of relief" — "to be immediately released from custody as a result of his ongoing prolonged detention" — and "already has been released from custody, his prayer for relief has been satisfied," and the court is "unable to provide him with any remedy pursuant to § 2241." *See id.* (footnote and quotation marks omitted). For that reason, the Court found that *Djadju* was "a classic case of mootness." *See id.* at 1108.

The same is true here. Petitioner was removed from the United States on June 25, *see* [ECF No. 7 at 3], so the court can no longer provide him with relief under § 2241. *See Djadju*, 32 F.4th at 1107. As a result, this case has become moot. *See id.* at 1106–07. Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED as MOOT**.

2. The Motion for Leave to Proceed In Forma Pauperis [ECF No. 3] is **DENIED as MOOT**.

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of July, 2026.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov